# EXHIBIT "A"

| |
|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br> **FLASTER/GREENBERG PC** <br> William Burnett, Esquire (WB4536) <br> 1810 Chapel Avenue West <br> Cherry Hill, NJ 08002 <br> Telephone: (609) 645-1881 <br> Counsel for Chapter 7 Trustee |
| In re: <br><br> PURDY MECHANICAL, INC. [1], <br><br> Debtor. |

Chapter 11

Case No. 23-16425-ABA

**CONSENT ORDER (I) AUTHORIZING TRUSTEE'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; (II) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d); (III) WAIVING THE FOURTEEN DAY STAY PURSUANT TO RULE 4001(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; (IV) GRANTING ADEQUATE PROTECTION PURSUANT TO <u>11 U.S.C. § 363(e); AND (V) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered two (2) through seventeen (17) is

**ORDERED.**

# EXHIBIT "A"

---

[1] The last four digits of the Debtor's Employer Identification Numbers are (7785).

4871-7345-4211 v1-10/2/23

Page 2

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h)  Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

THIS MATTER coming before the Court on application for the entry of this consent order (the "**Consent Order**") by the chapter 7 trustee Douglas Stanger, Esq. ("**Trustee**") for the Estate of debtor Purdy Mechanical, Inc. ("**Debtor**"), by and through his counsel, Flaster/Greenberg P.C., for entry of a Consent Order pursuant to sections 105, 362 and 363 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. ("**Bankruptcy Code**") and Rules 2002 and 4001of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule(s)**"): (i) authorizing the Trustee's use of cash collateral pursuant to sections 361 and 363(c)(2)(A) of the Bankruptcy Code and Bankruptcy Rule. 4001; (ii) modifying the automatic stay pursuant to section 362(d) of the Bankruptcy Code; (iii) waiving the fourteen (14) day stay pursuant to Bankruptcy Rule 4001(a)(3); (iv) granting adequate protection to OceanFirst Bank successor by merger to Ocean City Home Bank ("**Secured Lender**") pursuant to section 363(e) of the Bankruptcy Code; and (v) granting related relief  ("**Application**"); and subject to the terms hereof, it appearing that the Debtor and the Secured Lender agree that the Secured Lender (1) has a first priority, fully perfected blanket lien on and security interest in all of the Debtor's assets, wherever located and the proceeds thereof and (2) the Secured Lender having consented to the Trustee's limited use of cash collateral as strictly set forth herein, and other relief afforded by this Consent Order; and good and sufficient notice of the Application having been provided by the Trustee; and the Court having reviewed and considered (i) the Application, (ii) the

4871-7345-4211 v1-10/2/23

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h)  Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

objections thereto, if any, and (iii) the arguments of counsel; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate and creditors and other parties-in-interest; and good cause appearing therefore, :

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (H), (K), (M) and (O).  Venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought in the Motion are sections 105(a), 361, 362(d)((1) and 363(b), (c)(2)(A) and (e) of the Bankruptcy Code and Bankruptcy Rules 2002 and 4001.

2. The Debtor filed a chapter 7 petition commencing the captioned chapter 7 case in the United States Bankruptcy Court for the District of New Jersey ("**Bankruptcy Court**") on July 28, 2023 ("**Petition Date**") and on July 31, 2023 the Trustee was appointed by the Office of the United States Trustee for Region 3.

3. The Secured Lender asserts the following in Paragraphs 4-11 below and such assertions are subject to the Trustee's Challenge Period Ordered by this Court in Paragraph D below.

Page 4

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

4. On or about July 8, 2011, the Debtor entered into a Promissory Note (the "**Note**") in the principal sum of one million dollars and 00/100 cents ($1,000,000.00) and a Revolving Credit Agreement (the "**Credit Agreement**") with Ocean City Home Bank, and as security for the Note, among other things, the Debtor entered into a security agreement (the "**Security Agreement**") with the Ocean City Home Bank thereby granting Ocean City Home Bank a first priority, fully perfected, blanket lien on and security interest in all of the Debtor's assets, wherever located and the proceeds thereof.

5. Ocean City Home Bank's first lien was fully perfected by the filing of a UCC Financing Statement on or about January 21, 2016 with the New Jersey Secretary of State.

6. On or about November 30, 2016, Ocean City Home Bank was acquired by the Secured Lender, including the Note, the Credit Agreement and the Security Agreement.

7. On or about December 7, 2017, the Debtor and the Secured Lender entered into an Amended and Restated Revolving Credit Note in the principal sum of one million dollars and 00/100 cents ($1,000,000.00) (the "**Revolving Credit Note**").

8. On or about December 7, 2017, the Debtor and the Secured Lender entered into an Amended and Restated Revolving Credit Agreement (the "**Amended Credit Agreement**").

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

9. As security for the Revolving Credit Note, on or about December 7, 2017, the Debtor executed and delivered to the Secured Lender an Amended and Restated Security Agreement (the "**Amended Security Agreement**" or together with the Note, Credit Agreement, Security Agreement, Revolving Credit Note, Amended Credit Agreement, Amended Security Agreement and all other documents associated with the foregoing and all corporate and individual guaranties, the "**Loan Documents**") providing, *inter alia*, accounts, accounts receivable, equipment, inventory, contract rights, deposit accounts and general intangibles and the proceeds thereof (together, the "**Collateral**"), as security for the Revolving Credit Note.

10. The Secured Lender's first lien was fully perfected by the filing of a UCC Financing Statement on or about December 14, 2017 with the New Jersey Secretary of State and a continuation statement was filed on November 25, 2022.

11. As of the Petition Date, the Secured Lender had a secured claim in the amount of no less than $804,672.21 and the Secured Lender reserves the right to alter or amend that amount and/or file other or additional claims in the bankruptcy case (as amended and/or allowed, the "**Secured Debt**").

12. In a sound exercise of the Trustee's business judgment, the Trustee has agreed, in exchange for consenting to grant relief from the automatic stay to the Secured Lender and the

Page 6

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

additional consideration set forth in greater detail below, the Secured Lender consents to the Trustee's limited use of its cash collateral subject to the below rights and obligations and grant of adequate protection.

NOW, THEREFORE, it is hereby ORDERED:

A. The Application is granted as set forth herein and all objections thereto that have not been waived, withdrawn or settled, and all reservations of rights included in such objections are hereby overruled on their merits.

B. The Secured Lender is hereby granted immediate relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code in order to (i) sweep the Debtor's bank accounts, the contents of which are the Secured Lender's collateral; (ii) to receive the proceeds of the Debtor's property including, but not limited to, accounts receivable, inventory and equipment as set forth in greater detail below; (iii) to receive adequate protection; (iv) subject to the limitations set forth below, to the extent necessary for the Secured Lender to execute on collateral of Guarantors of the Secured Debt; and (v) for all for the purpose of carrying out the terms of this Consent Order and certain other Consent Orders including but not limited to: (a) (1) Authorizing Chapter 7 Trustee to sell Equipment and Materials Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § and 363; (2) Waiving the Fourteen Day Stay  Pursuant to

Page 7

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

Fed.R.Bankr.P. 6004(h); and (3) Granting Other Related Relief [Docket No. XX] (the "**Torcon Order**") and (b) the Consent Order related to the EDiS Company Project and (c) the Consent Order related to the Target Building Construction Project.

C. The fourteen (14) day stay pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived.

D. The Trustee shall have a period of thirty (30) days from the date that is the later of: (i) the date of the entry of this Consent Order or (ii) the date that the Secured Lender provides copies of all Loan Documents to the Trustee to challenge, in the nature of a claim, objection, counterclaim or defense the liens and or security interests of the Secured Lender (the "**Challenge Period**"). After the Challenge Period expires, the Trustee shall, on behalf of the Trustee, the Debtor and the bankruptcy estate, release the Secured Lender, together with its respective successors, assigns, subsidiaries, parents, affiliates, agents, attorneys, officers, directors, and employees (collectively, the "**Released Parties**")*,* of any right the Trustee, the Debtor or the bankruptcy estate may have (i) to challenge or object to any of the Secured Debt, (ii) to challenge or object to the Secured Creditor's Liens on the Collateral (or any other security for the Secured Debt), and (iii) to bring or pursue any and all claims, objections, challenges, causes of action, and/or choses in action against the Secured Lender or arising out of, based upon, or related to the Loan Documents, or

Page 8

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

otherwise including, but not limited to, state law causes of action or under sections 506, 544, 547, 548, 549, 550, and/or 552 of the Bankruptcy Code (a "**Challenge Proceeding**"). The release contained in this paragraph shall be effective immediately and irrevocably upon the expiration of the Challenge Period by operation of this Consent Order and without further order of the Bankruptcy Court, provided however, that the release in this paragraph shall have no impact on the Secured Lender's or the Trustee's rights, claims or defenses with respect to any 506(b) Dispute defined in Paragraph F below. Prior to the expiration of the Challenge Period, to the extent that there is any Challenge Proceeding brought or pursued by the Trustee against the Secured Lender, all right of the Trustee or the bankruptcy estate to use the Collateral shall immediately terminate by operation of this Consent Order and without further order of the Bankruptcy Court. Furthermore, under no circumstances shall any of the Collateral be used to in any way pay for the investigation or pursuit of a Challenge Proceeding.

E. As a further condition of the Secured Lender permitting the Trustee's limited use of cash collateral as set forth herein, upon the entry of this Consent Order, the Trustee shall have waived any rights or benefits of section 506(c) of the Bankruptcy Code with respect to the Secured Lender and/or the Collateral. Provided however that, prior to the expiration of the Challenge Period, to the extent that there is any Challenge Proceeding brought or pursued by the Trustee

Case 23-16425-ABA    Doc 46-3    Filed 10/04/23    Entered 10/04/23 15:27:02    Desc
Exhibit A    Page 10 of 18

Page 9

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

against the Secured Lender, the Trustee's rights or benefits of section 506(c) of the Bankruptcy Code with respect to the Secured Lender and/or the Collateral (if any) shall otherwise be preserved, subject to any defense to such claim asserted by the Secured Lender which shall also be preserved.

F. The Secured Lender and the Trustee reserve all rights and defenses to the issue of whether the Secured Debt is secured by property, the value of which is greater than the Secured Debt and whether the Secured Lender is entitled to post-petition interest and reasonable fees, costs and charges, including attorneys fees under the Loan Documents pursuant to section 506(b) of the Bankruptcy Code (the "**506(b) Dispute**") and any such request to determine the amount of the Secured Debt or the value of the collateral securing the Secured Debt shall be made pursuant to Bankruptcy Rule 3012(b) and shall be subject to further Order of this Court. This Consent Order shall not affect and is without prejudice to the 506(b) Dispute, if any.

G. The Secured Lender consents to the Trustee liquidating the Collateral and having the limited use of the Secured Lender's cash collateral solely as set forth below, with the proceeds of the liquidation of the Collateral to be disbursed as follows:

    i. The sale all of the Inventory being held by Grove Supply, Inc. (the "**Grove Inventory**"), which is part of the Collateral, shall be sold and the proceeds of the sale distributed solely as set forth in the Torcon Consent Order. The

Page 10

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

proceeds of the Grove Inventory totals $196,328.53 (the "**Grove Proceeds**") when paid to the Trustee pursuant to the terms of the Torcon Order shall be distributed as follows: (a) sixty percent (60%) of the Grove Proceeds or $117,797.11, shall be paid by the Trustee to the Secured Lender within ten (10) days of the Trustee's receipt of payment from Torcon; and (b) forty percent (40%) of the Grove Proceeds or $78,531.41 paid to the Trustee by Torcon pursuant to the Torcon Order shall held by the Trustee in escrow until the expiration of the Challenge Period and subject to the limitations relating to the filing of a Challenge Proceeding in paragraph D above. If the Trustee does not initiate a Challenge Proceeding prior to the expiration of the Challenge Period, then, without further Order of this Court, the Trustee may retain the $78,531.41 of the Grove Proceeds as a carve out for the benefit of the Trustee and the estate. If the Trustee does initiate a timely Challenge Proceeding prior to the expiration of the Challenge Period, then, without further Order of this Court, the $78,531.41 of the Grove Proceeds shall be paid over by the Trustee to the Secured Lender within ten (10) days of initiating such Challenge Proceeding.

Page 11

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

---

ii. The gross proceeds of the sale of the personal property of the Debtor, which is part of the Collateral (the "**Inventory Collateral**"), with the exception of the Grove Inventory and the Vehicles (defined below), including but not limited inventory, tools, equipment and the like shall be disbursed (a) first, to pay the fees, expenses and/or commission, as approved by the Secured Lender, of the auctioneer hired by the Trustee as well as the reasonable and necessary costs of preserving the Inventory Collateral, subject to approval by the Secured Lender, including insurance, utilities and security; and (b) second, one hundred percent (100%) of the net sale proceeds remaining after the payment of (a) above immediately paid to the Secured Lender.

iii. The gross proceeds of the collection of the accounts receivable of the Debtor, which are part of the Collateral (the "**A/R Collateral**"), shall be disbursed (a) first to the reasonable fees and expenses of any approved contingency-fee attorney employed by the Trustee to liquidate the A/R Collateral, if applicable; and (b) second, the net proceeds of the A/R Collateral remaining after the payment of (a) above shall be immediately paid by the Trustee: seventy-five percent (75%) to the Secured Lender in payment of the Secured Debt and

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

twenty-five percent (25%) to the bankruptcy estate to be held by the Trustee in escrow subject to the Secured Lender's liens (the "**A/R Escrow**") and subject to Paragraph G(iv) below.

iv. After the Trustee has collected $150,000.00 in the A/R Escrow, all of the net proceeds of the A/R Collateral collected by the Trustee after the payment of (a) and (b) in paragraph G(iii) above shall be paid by the Trustee to the Secured Lender until the Secured Debt is paid in full. Only after the Secured Debt is paid in full, shall the net proceeds of the A/R Collateral remaining after the payment of (a) and (b) in paragraph G(iii) above be retained the Trustee for the benefit of the bankruptcy estate subject to the provisions of this Paragraph. The Trustee shall maintain the A/R Escrow until the 506(b) Dispute is resolved by final order of the Bankruptcy Court or a settlement approved by final order of the Bankruptcy Court unless the 506(b) Dispute is resolved as set forth above prior to the date that the Secured Debt is paid in full. To the extent the 506(b) Dispute is resolved in the Trustee's favor after the Secured Debt is paid in full, the funds then held in the A/R Escrow shall be immediately released to the bankruptcy estate free and clear of the Secured Lender's liens. To the extent

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

the 506(b) Dispute is resolved in the Secured Lender's favor after the Secured Debt is paid in full (the "**506(b) Award**"), the first $75,000 of the funds then held in the A/R Escrow shall be immediately distributed by the Trustee to the Secured Lender, and, to the extent there are insufficient funds in the A/R Escrow after the Secured Debt is paid in full to pay $75,000.00 of the 506(b) Award, every dollar of the net A/R Collateral collected thereafter shall be paid by the Trustee to the Secured Lender until $75,000.00 of the 506(b) Award is paid. If the amount contained in the A/R Escrow exceeds $75,000.00 of the 506(b) Award, then $75,000.00 of the 506(b) Award shall be immediately paid by the Trustee to the Secured Lender and any amount remaining in the 506(b) Escrow shall be immediately released to the Trustee for the benefit of the bankruptcy estate free and clear of the Secured Lender's liens. Nothing in this Consent Order shall prevent the Secured Lender from charging or collecting post petition interest and costs under the Loan Documents from any guarantor of the Secured Debt.

v.  For the avoidance of doubt, in addition to the carve-outs referenced above in this paragraph G, the Trustee is free to use any other funds he otherwise

Page 14

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

generates from the liquidation sources that are not Collateral of the Secured Lender (including but not limited to the Vehicles and Chapter 5 causes of action) to pay any approved attorney's fees and any expenses of the estate and also to make distributions to creditors.

H.  Subject to a review of the titles, the Secured Lender acknowledges that it does not have a lien on the following vehicles owned by the Debtor and as referenced on the Debtor's Schedules (together, the "**Vehicles**"):

i. 2019 Jeep Wrangler;

ii. 2019 Chevrolet Silverado;

iii. 2017 Jeep Grand Cherokee; and

iv. 2008 Chevrolet 2500 Pickup Truck.

I.  The Secured Lender will forbear from taking any action against the real property owned by guarantor Purdy, Inc. (the "**Guarantor**") and located at 110 Miami Ave, Absecon, NJ 08201(the "**Real Property Collateral**") upon which the Secured Lender has a valid and perfected first mortgage (the "**Mortgage**") and which serves as collateral for the Secured Debt for a period of ninety (90) days (the "**Forbearance Period**") purely as an accommodation to the Guarantor (and to incentivize the Guarantor to assist the Trustee in collecting and maximizing he net proceeds

4871-7345-4211 v1-10/2/23

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

of the Collateral) and in so doing, does not waive, alter or in any way release the obligations of the Guarantor. After the Forbearance Period, to the extent there is any amount that remains owing on the Secured Debt, the Secured Lender shall be free to take any and all action in state court and/or pursuant to the Loan Documents, including, but not limited to, foreclosing on the Real Property Collateral to satisfy the Secured Debt plus interest and all costs, fees and penalties allowed under the Loan Documents, including the Mortgage.

J. Until January 2024, the Trustee and his Counsel shall either report weekly to the Secured Lender on the status of the collection of the Collateral or conduct a regular bi-weekly meeting by phone or zoom for the same purpose. Thereafter and otherwise, he Secured Lender may request more additional and also frequent meetings from time to time if it deems necessary.

K. The parties to this Consent Order intend to be mutually bound.

L. This Court shall retain exclusive jurisdiction to implement and effectuate the provisions of this Consent Order and to resolve any issue or dispute concerning the interpretation, implementation or enforcement thereof or the rights and duties of the parties hereunder or thereunder.

M. The findings of fact set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052,

4871-7345-4211 v1-10/2/23

Page 16

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

made applicable to these proceedings pursuant to Fed. R. Bankr. P. 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

| | |
|---|---|
| Debtor: | Purdy Mechanical, Inc. |
| Case No: | 23-16425-ABA |
| Caption of Order: | Consent Order (i) Authorizing Trustee's use of Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure; (ii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362(d); (iii) Waiving the Fourteen Day Stay Pursuant to Rule 4001(h) Of the Federal Rules of Bankruptcy Procedure; (iv) Granting Adequate Protection Pursuant to 11 U.S.C. § 363(e); and (v) Granting Related Relief |

N.  A true copy of this Order shall be served by the Trustee on all parties-in-interest by first-class mail within five (5) days of the date hereof.

AGREED AND CONSENTED TO THIS 2nd DAY OF OCTOBER, 2023:

**FLASTER/GREENBERG P.C.**

Dated: October 3, 2023

*/s/ William J. Burnett*
William J. Burnett, Esquire
1717 Arch Street, Suite 3300
Philadelphia, PA 19103
(215) 279-9383 Telephone
(215) 279-9394 Facsimile
william.burnett@flastergreenberg.com

*Counsel to the Trustee*

Dated: October 2, 2023

**OBERMAYER REBMANN MAXWELL & HIPPEL**

*/s/ Michael D. Vagnoni*
Edmond M. George
Michael D. Vagnoni (*pro hac vice*)
1120 Route 73, Suite 240
Mount Laurel, NJ  08054-5108
Telephone:  (856)795-3300
Facsimile:  (856) 482-0504
Email:  edmond.george@obermayer.com
michael.vagnoni@obermayer.com
*Attorneys for OceanFirst Bank*

4871-7345-4211 v1-10/2/23