|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **GIBBONS P.C.**<br>Dale E. Barney, Esq.<br>One Gateway Center<br>Newark, New Jersey 07102<br>Telephone: (973) 596-4500<br>Facsimile: (973) 596-0545<br>E-mail: dbarney@gibbonslaw.com<br><br>*Counsel to Torcon, Inc.* | Order Filed on October 10, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |

| | |
|---|---|
| In re:<br><br>PURDY MECHANICAL INC.[1],<br><br>Debtor. | Chapter 7<br><br>Case No: 23-16425 (ABA) |

**CONSENT ORDER (1) AUTHORIZING CHAPTER 7 TRUSTEE TO SELL EQUIPMENT AND MATERIALS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 105 AND 363; (2) WAIVING THE FOURTEEN DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (3) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through thirteen (13), is hereby

**ORDERED.**

**DATED: October 10, 2023**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

---

[1] The last four digits of the Debtor's Employer Identification Numbers are (7785).

**Error! Unknown document property name.**

3101525.1 099998-00130

Debtor:  Purdy Mechanical Inc.
Case No.:        23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

THIS MATTER coming before the Court on application for the entry of this "Consent Order" by the chapter 7 trustee Douglas Stanger, Esq. ("Trustee") for the Estate of debtor Purdy Mechanical, Inc. ("Debtor"), by and through his counsel, Flaster/Greenberg P.C., for entry of a Consent Order pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 2002, 6004 and 9019: (1) approving and authorizing the Trustee to deliver a Bill of Sale in the form attached hereto as Exhibit A to Torcon, Inc. ("Torcon") selling and conveying all of the Debtor's, the Trustee's and the chapter 7 estate's right, title and interest, if any, in and to the materials, equipment, fixtures and inventory described in Schedule 1 to the Bill of Sale ("Inventory") and the "VFDs" identified below and described in Schedule 2 to the Bill of Sale to Torcon, thereby resolving a dispute between the Trustee and Torcon regarding the ownership of the Inventory and the VFDs, requiring this Court's approval under Fed. R. Bankr. P. 9019; (2) authorizing the Trustee to sell the Inventory and the VFDs free and clear of liens, claims, encumbrances, and interests; (3) waiving the fourteen (14) day stay pursuant to Fed. R. Bankr. P. 6004(h); and (4) granting other related relief (the "Consent Order"); it appearing that OceanFirst Bank N.A. ("Lender") (1) pursuant to those certain notes, loan agreements, security agreements and guaranty agreements (collectively, the "Loan Documents") has a first priority, fully perfected blanket lien on and security interest in all of the Debtor's assets including, but not limited to, the Inventory, the Tools (as defined below), the A/R (as defined below) and the proceeds thereof and (2) the Lender having reserved all other rights and remedies; and good and sufficient notice of this Consent Order having been provided by the Trustee; and the Court having reviewed and considered (i) this Consent Order, (ii) the objections thereto, if any, and (iii) the arguments of counsel; and it appearing that the relief requested in the

Debtor: Purdy Mechanical Inc.
Case No.:     23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

Consent Order is in the best interests of the Debtor's estate and creditors and other parties-in-interest; and good cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.  This Court has jurisdiction over this Consent Order and the transaction contemplated by the Bill of Sale ("Transaction") pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought in the Motion are 11 U.S.C. §§ 105(a) and 363(b), (f), (k) (m) and (n) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*., as amended ("Bankruptcy Code"), and Fed. R. Bankr. P. 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

2.  The Debtor filed a chapter 7 petition commencing the captioned chapter 7 case in the United States Bankruptcy Court for the District of New Jersey ("Court") on July 28, 2023 ("Petition Date") and on July 31, 2023 the Trustee was appointed by the Office of the United States Trustee for Region 3.

3.  The Debtor and Torcon are parties to that certain Agreement dated March 18, 2022 ("Agreement") pursuant to which the Debtor was to provide certain construction services and materials to Torcon for the construction of a medical facility for Deborah Heart and Lung Center located in Browns Mills, New Jersey ("Project").

3101525.1 099998-00130

**Error! Unknown document property name.**

Debtor:  Purdy Mechanical Inc.
Case No.:       23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

4.     The Trustee asserts claim for the recovery of an account receivable claimed due to the Trustee from Torcon to the Debtor's chapter 7 estate in the approximate amount of $1,200,000 ("A/R"), and Torcon disagrees and asserts certain defenses, damages and offsets related thereto ("A/R Dispute").

5.     Prior to the Petition Date, the Debtor purchased the Inventory from Grove Supply, Inc. ("Grove"), a list of which is attached to the Bill of Sale as Schedule 1, which Inventory is held by Grove at its warehouse facility in Vineland, New Jersey; and which has been specially assembled for specific use at the Project.

6.     Torcon has represented that after the Petition Date, Bitzer US, Inc. ("Bitzer") delivered two VFD filter units ("VFDs") to the Project pursuant to a certain purchase order issued by the Debtor, a list of which VFDs is attached to the Bill of Sale as Schedule 2, and the Debtor has not paid Bitzer for the VFDs.  Upon entry of this Consent Order, Torcon has agreed to pay to Bitzer, either directly or through a subcontractor, the invoiced value of the VFDs.

7.     The Debtor asserts that it left certain tools and related items ("Tools") at the Project prior to the Petition Date which the Trustee asserts are property of the Debtor's chapter 7 estate.

8.     The Trustee has concluded that a prompt sale of the Inventory and the VFDs to Torcon ("Sale") is in the best interests of the Debtor's chapter 7 estate because (i) if the Inventory is restocked with Grove, then Grove has advised the Trustee that it will pay only the total invoiced value of the Inventory less fees and charges for shipping and restocking which are estimated to be between 25% and 30%, (ii) the VFDs were purpose-built for the Project and delivered Post-

4

Debtor:  Purdy Mechanical Inc.
Case No.:         23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

Petition for which the Debtor never paid Bitzer, so that the chapter 7 estate's title to the VFDs is in question; and (iii) pursuant to the Bill of Sale and this Consent Order, the Sale will result in Torcon's final and indefeasible payment of $196,328.53 cash to the Debtor's chapter 7 estate. Accordingly, Torcon is paying more for the Inventory than the current value available to the Trustee if the Inventory is restocked with Grove.  The Trustee has established that compelling and sufficient business reasons exist for selling the Inventory and the Trustee's rights in the VFDs (if any) outside the ordinary course of business.  The Lender does not object to the Trustee's sale of the Inventory and the VFDs free and clear of the Lender's liens, claims and security interests pursuant to 11 U.S.C. § 363(f)(2) with all liens and claims and security interests attaching to the proceeds of the sale until further order of the Court.

9. Proper, timely, adequate and sufficient notice of this Consent Order and the Transaction contemplated by the Bill of Sale has been provided in accordance with 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 2002 and 6004.  Such notice was proper, sufficient and appropriate under the particular circumstances, and no other or further notice of this Consent Order or the Transactions is or shall be required.  The Transaction must be approved and consummated promptly in order to preserve the viability of the Inventory and the VFDs.  The Debtor is the sole and lawful owner of the Inventory.  Upon entry of this Order, the Trustee has full authority to execute the Bill of Sale and all other documents contemplated thereby.

10. The sale of the Inventory and the Trustee's rights in the VFDs (if any) pursuant to the Bill of Sale will produce higher value than could be obtained in a liquidation sale or any other

**Error! Unknown document property name.**

Debtor:  Purdy Mechanical Inc.
Case No.:    23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

method of disposition.  The consideration provided by Torcon (i) is fair and reasonable, (ii) is the highest and best offer for the Inventory (as it is the exact amount of the invoice for the Inventory and the Inventory is custom ordered for the Project) and the Trustee's rights in the VFDs (if any), (iii) will provide a greater recovery to the Debtor's chapter 7 estate than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration.

11.    The Court finds that the Bill of Sale and the Transaction were negotiated, proposed and entered into by the Trustee and Torcon without collusion or fraud, in good faith, and from arm's-length bargaining positions.  The terms of the Bill of Sale are fair and reasonable.  Neither the Trustee nor Torcon have engaged in any conduct that would cause or permit the Bill of Sale or any part of the Transaction to be avoided, or for the imposition of costs and damages against Torcon, under 11 U.S.C. § 363(n).  Torcon is not an insider of the Debtor as the term is defined in 11 U.S.C. § 101(31).

12.    Subject to the below rights of the Lender, the Trustee may sell the Inventory and the Trustee's rights in the VFDs (if any) to Torcon free and clear of all liens, claims, charges, security interests, restrictions and other encumbrances of any kind or nature thereon and there against (collectively, "Interests"), in accordance with 11 U.S.C. § 363(f), whether known or unknown, contingent or otherwise, liquidated or unliquidated, and whether arising, accruing, incurred, or relating to a period prior to or subsequent to the commencement of this bankruptcy case and with all liens and security interests of the Lender attaching to the proceeds of the sale subject to further order of the Court.

6

3101525.1 099998-00130

**Error! Unknown document property name.**

Debtor: Purdy Mechanical Inc.
Case No.:    23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

**NOW, THEREFORE, it is hereby ORDERED:**

A.    This Consent Order is granted as set forth herein and all objections thereto that have not been waived, withdrawn or settled, and all reservations of rights included in such objections are hereby overrule on their merits. The Bill of Sale and any related agreements or documents may be modified, amended or supplemented by Torcon and the Trustee upon the consent of the Lender, which consent will not be unreasonably withheld, without further notice, hearing or Order of this Court. Pursuant to 11 U.S.C. §§ 363(b), (f) and (k), the Trustee is authorized to consummate the Transaction pursuant to and in accordance with the terms and conditions of the Bill of Sale and this Consent Order.

B.    The Trustee is empowered to execute, perform under, consummate and implement the Bill of Sale and the Transaction as the same may be agreed to by Torcon and the Trustee, is authorized and directed to take all other actions as are necessary or appropriate to effectuate the Transaction, and shall take all further actions as may be reasonably requested by Torcon for the purpose of transferring, assigning, conveying and delivering the Inventory and the Trustee's rights in the VFDs to Torcon.

C.    This Consent Order and the Bill of Sale shall be binding in all respects on all creditors of the Debtor, including, without limitation, those creditors holding contingent, unliquidated or disputed claims, all successors and assigns of the Debtor and/or the Trustee and their respective affiliates and Torcon. Nothing contained in any subsequent Order in this case or in any subsequent bankruptcy case filed by or against the Debtor shall conflict with or derogate

3101525.1 099998-00130

**Error! Unknown document property name.**

Debtor: Purdy Mechanical Inc.
Case No.:    23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

from the provisions of the Bill of Sale or this Consent Order, and the Bill of Sale and this Consent Order shall control to the extent of such conflict or derogation.

D.    Torcon shall pay to the Trustee the sum of $350,000 ("Payment") which shall be applied as follows: (i) the sum of $196,328.53 (the "Inventory Sale Proceeds") shall be finally and indefeasibly to the Debtor's chapter 7 estate, and subject to the Lender's liens and security interests (and subject to and pursuant to the terms of the separate Consent Order by and between the Lender and the Trustee), to purchase all of the Debtor's, its chapter 7 estate's, and the Trustee's right, title and interest, if any, in and to the Inventory and the VFDs, free and clear of any and all liens, security interests and encumbrances, and subject to the below, including but not limited to the liens and security interest of the Lender; and (ii) the $153,671.47 balance of the Payment ("Balance") shall be held by the Trustee in escrow pending the resolution of the A/R Dispute subject to all of Torcon's claims, counterclaims and defenses (the "A/R Dispute Escrow").

E.    Subject to the Lenders' rights below in paragraph K, upon Torcon's making the Payment to the Trustee, all of the Debtor's, its chapter 7 estate's, and the Trustee's right, title and interest, if any, in and to the Inventory and the VFDs shall pass to and become the property of Torcon, free and clear of any and all liens, security interests and encumbrances, including but not limited to the liens and security interest of the Lender, to the fullest extent permitted by 11 U.S.C. §§ 105(a) and 363(f) and all other applicable laws, free and clear of all Interests, and all such Interests of any kind or nature whatsoever shall attach to the net proceeds of the Transaction in the order of their priority, with the same validity, force, and effect which they now have as against the

3101525.1 099998-00130

**Error! Unknown document property name.**

Debtor:  Purdy Mechanical Inc.
Case No.:        23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

property being sold, subject to any claims and defenses that the Debtor and/or the Trustee may possess with respect thereto.

F.    Subject to the Lenders' rights below set forth in paragraph K, all persons and entities holding Interests of any kind or nature against or in the Debtor or the property being conveyed hereunder are forever barred, estopped, and permanently enjoined from asserting against said property such persons' or entities' Interests.  The transfer of said property to Torcon pursuant to the Bill of Sale constitutes a legal, valid, and effective transfer of said property, and shall vest Torcon with all right, title, and interest of the Debtor and/or the Trustee in and to said property free and clear of all Interests of any kind or nature whatsoever.  The Trustee is hereby authorized and directed to execute and file such statements, instruments, releases and other documents as necessary to effect releases of any Interests on behalf of the person or entity holding such Interest and (b) Torcon is hereby authorized to file, register, or otherwise record a certified copy of this Consent Order (and/or any termination statement under all applicable jurisdictions' versions of the Uniform Commercial Code, subject to review and approval by the Lender, which approval will not be unreasonably withheld), which shall constitute conclusive evidence of the release of all Interests of any kind or nature whatsoever.

G.    In the event that Torcon is determined to have no liability to the Debtor's chapter 7 estate in the A/R Dispute, then the Trustee shall refund the Balance of the A/R Dispute Escrow to Torcon within 10 days of the Court's entry of a final Order resolving the A/R Dispute.

3101525.1 099998-00130

**Error! Unknown document property name.**

Debtor: Purdy Mechanical Inc.
Case No.:    23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

H. In the event that Torcon is determined to have liability to the Debtor's chapter 7 estate in the A/R Dispute in an amount less than the A/R Dispute Escrow, then the Trustee shall refund the difference between the A/R Dispute Escrow and the amount of said liability to Torcon within 10 days of the Court's entry of a final Order resolving the A/R Dispute.

I. In the event that Torcon is determined to have liability to the Debtor's chapter 7 estate in the A/R Dispute in an amount equal to or in excess of the A/R Dispute Escrow, the A/R Dispute Escrow, or any amount not refunded to Torcon under the terms hereof, shall constitute a credit reducing said liability.

J. The Trustee, Torcon and the Lender reserve all rights, claims and remedies with respect to the A/R Dispute and the Debtor's claimed ownership of the Tools.

K. The Inventory Sale Proceeds and the A/R Dispute Escrow which together constitute $350,000 remains subject to the liens and security interests of Lender and with such liens and security interests attaching to all monies pursuant to this Consent Order shall be held in escrow by the Trustee (subject to and pursuant to the terms of the separate Consent Order by and between the Lender and the Trustee); PROVIDED HOWEVER, to the extent that any portion of the A/R Dispute Escrow is refunded to Torcon pursuant to paragraphs G or H, above, the said portion of the A/R Dispute Escrow shall be deemed to be released from and not subject to any lien of Lender by operation of this Consent Order, without further Order of this Court.

**Error! Unknown document property name.**

Page 11 of 14
Debtor:  Purdy Mechanical Inc.
Case No.:    23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

L. The Lender reserves and hereby preserves all rights and claims against the Debtor, any and all guarantors and the Bankruptcy Estate under and pursuant to the Loan Documents, the Bankruptcy Code, and any and all applicable state and federal law.

M. The Trustee, Torcon and the Lender reserve all rights and claims regarding the value and disposition of the Tools.

N. The Trustee and Torcon specifically consent to and agree to the terms of this Consent Order.

O. The Payment and other consideration provided by Torcon for the Inventory and the VFDs under the Bill of Sale is fair and reasonable and the Transaction may not be avoided under 11 U.S.C. § 363(n).  All entities that are presently, or on the closing of the Transaction may be, in possession of some or all of the Inventory and the VFDs are hereby directed to provide access to, and surrender possession of said Inventory and VFDs to Torcon once the Payment has been made to the Trustee.  Other than the Payment, Torcon shall have no liability or responsibility for any liability or other obligation of the Debtor and/or the Trustee related to Inventory and VFDs, except for Torcon's independent obligation to pay the invoiced value of the VFDs to Bitzer.

P. This Court shall retain exclusive jurisdiction to implement and effectuate the provisions of this Consent Order and the Bill of Sale and to resolve any issue or dispute concerning the interpretation, implementation or enforcement thereof or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue or dispute concerning the transfer of the property sold hereunder free and clear of Interests.

3101525.1 099998-00130

**Error! Unknown document property name.**

Page 12 of 14
Debtor:  Purdy Mechanical Inc.
Case No.:        23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

Q. Torcon is a purchaser in good faith of the Inventory and the VFDs, and is entitled to all of the protections afforded by 11 U.S.C. § 363(m). The Transaction contemplated by the Bill of Sale is undertaken by Torcon without collusion and in good faith, as that term is used in 11 U.S.C. § 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the Transaction, unless such authorization is duly stayed pending such appeal.

R. The terms and provisions of the Bill of Sale and this Consent Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, the Trustee, and Torcon and their respective affiliates, successors, and assigns, and any affected third parties including, but not limited to, all persons asserting an Interest, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

S. The failure specifically to include any particular provision of the Bill of Sale in this Consent Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Bill of Sale be authorized and approved in its entirety. Likewise, all of the provisions of this Consent Order are non-severable and mutually dependent. In the event there are any inconsistencies between this Consent Order and the Bill of Sale, the terms of this Consent Order shall control.

T. The Bill of Sale and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms

**Error! Unknown document property name.**

Debtor:  Purdy Mechanical Inc.
Case No.:	23-16423 (ABA)
Caption of Order:	Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

thereof upon the consent of the Lender, which consent will not be unreasonably withheld, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Lender, the Debtor or the Trustee.

U.	This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

V.	The foregoing constitute this Court's findings of fact and conclusions of law as pursuant to Fed. R. Bankr. P. 7052, made applicable to these proceedings pursuant to Fed. R. Bankr. P. 9014.  To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

W.	Pursuant to Fed. R. Bankr. P. 6004(h), 6006(d), and 7062, this Order shall be effective and immediately enforceable upon entry.

X.	A true copy of this Order shall be served on all parties-in-interest by first-class mail within five (5) days of the date hereof.

**Error! Unknown document property name.**

Debtor:  Purdy Mechanical Inc.
Case No.:          23-16423 (ABA)
Caption of Order: Consent Order (1) Authorizing Chapter 7 Trustee to Sell Equipment and Materials Free and Clear of Lien, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105 and 363 ; (2) Waiving the Fourteen Day Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (3) Granting Related Relief

---

AGREED AND CONSENTED TO THIS _____ DAY OF OCTOBER, 2023:

Dated:  October 3, 2023  
Newark, NJ

**GIBBONS P.C.**

By:  */s/ Dale E. Barney*  
Dale E. Barney  
One Gateway Center  
Newark, NJ  07102-5310  
Telephone:  (973) 596-4500  
Facsimile:  (973) 596-0545  
Email:  dbarney@gibbonslaw.com  
*Attorneys for Torcon, Inc.*

**FLASTER/GREENBERG P.C.**

Dated: October 3, 2023  
Philadelphia, PA

*/s/ William J. Burnett*  
William J. Burnett, Esquire  
1717 Arch Street, Suite 3300  
Philadelphia, PA 19103  
(215) 279-9383 Telephone  
(215) 279-9394 Facsimile  
william.burnett@flastergreenberg.com

*Counsel to the Trustee*

3101525.1 099998-00130

**Error! Unknown document property name.**