| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Douglas S. Stanger, Esq. (DS 5141)<br>FLASTER/GREENBERG<br>A Professional Corporation<br>1810 Chapel Avenue West<br>Cherry Hill, NJ 08002<br>Phone: 609-645-1881<br>*Counsel for Douglas S. Stanger, Chapter 7 Trustee* | |
| In re:<br><br>PURDY MECHANICAL, INC.,<br><br>                                          Debtor. | Chapter 7<br><br>Case No. 23-16425<br><br>Hon. Andrew B. Altenburg |

### CERTIFICATION OF COUNSEL AND TRUSTEE IN SUPPORT OF MOTION TO AUTHORIZE PUBLIC AUCTION OF DEBTOR'S ASSETS FREE AND CLEAR OF ANY LIENS, CLAIMS, AND INTERESTS

Douglas S. Stanger, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Purdy Mechanical, Inc. (the "Debtor") by and through his undersigned counsel, hereby files this Motion to Authorize the Public Auction of Debtor's Assets Free and Clear of Liens, Claims and Interests (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

### FACTUAL BACKGROUND

1. On July 28, 2023, the Debtor commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. I was appointed as Chapter 7 Trustee on July 28, 2023.

3. On October 30, 2023, the Trustee filed a Notice of Proposed Public Sale (the "Sale Notice"). The Sale Notice specifies that the Trustee intends to sell all vehicles, equipment, tools, furniture, and inventory owned by the Debtor through an auction. The Sale Notice stated that a hearing will be held before the Court on November 28, 2023, at 10:00 a.m.

10802713 v1

4. On October 17, 2023, the Trustee filed an Application for an Order Authorizing the Trustee to Employ Peter Costanzo Auctioneers, Inc. as Auctioneer Pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014 (the "Auctioneer Application"). *See* Exhibit "A." An Order authorizing the retention of the Auctioneer was entered on October 25, 2023. *See* Exhibit "B."

5. Through this Motion, the Trustee seeks to augment the Sale Notice and Auctioneer Application and obtain the entry of a separate order authorizing the Trustee to sell assets of the Estate at a public auction (the "Auction") through the services provided by Peter Costanzo Auctioneers, Inc. (the "Auctioneer"). This Motion seeks authority to sell the Debtor's vehicles, equipment, tools, office furnishings and supplies, and any other assets of the Debtor (the "Assets") at auction (the "Auction") on December 13, 2023, or such other date as the Trustee deems appropriate, to be held at the Debtor's premises located at 110 Miami Avenue, Absecon, New Jersey, 08221 and via internet auction.

6. The Trustee and the Auctioneer agree that a combination of an online and live Auction will yield the best consideration to be paid for the Assets. The Auctioneer Application sets forth the terms of the Auctioneer's retention and details regarding the expenses to be incurred in connection with the Auction.

**THE PROPOSED AUCTION AND RELIEF REQUESTED**

7. The Trustee believes that there is value in the Assets, which could be recovered for the benefit of the Estate.

8. The Trustee seeks approval of the sale of the Assets at the Auction on an "AS IS, WHERE IS" basis, without any warranty, either express or implied, with all defects. In other words, the Assets are being sold subject to all known and unknown conditions.

10802713 v1

9. The Auctioneer shall be compensated pursuant to the terms and the Auctioneer Application upon the completion of the auction and appropriate Application for Compensation. Other terms and conditions of the Auction shall be standard and customary and advertised by the Auctioneer for the auction and as provided in the Auctioneer Application.

10. Pursuant to 11 U.S.C. § 363 and in furtherance of the Trustee's efforts to liquidate the Assets at the Auction, the sale of the Assets must be free and clear of any and all liens, claims, security interests, mortgages, pledges, charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recover, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims against the Debtor or its property, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims").

11. OceanFirst Bank has asserted a secured interest in and to the Debtor's assets including, without limitation, the Debtor's inventory and equipment. The Trustee and OceanFirst Bank have reached an agreement on the division of net proceeds from the Auction, which is set forth in a Consent Order entered October 11, 2023 (Doc. 54).

12. The Liens and Claims shall attach to the proceeds of the Auction, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code.

13. The Trustee believes that the Auction will generate the maximum value for the Estate and that the sale of the Assets in this manner best serves the interest of the Estate.

10802713 v1

## BASIS FOR RELIEF

14. By this Motion, the Trustee seeks the entry of an Order by the Court allowing the Auction of the Assets free and clear of Liens and Claims.

15. Section 363(b) of the Bankruptcy Code authorizes a trustee to sell assets outside of the ordinary course of business. As a general rule, a trustee must show that each of the following elements have been met before a § 363(b) sale may be approved: (i) that a sound business reason exists for the proposed transaction; (ii) the sale has been proposed in good faith; (iii) the sale price is fair and reasonable; and (iv) that accurate and reasonable notice has been provided of the transaction. In re Stroud Ford, Inc., 163 B.R. 730 (Bankr. M.D. Pa. 1993). Here, the proposed sale of the Assets at the Auction meets each of these four (4) factors.

16. Courts have made it clear that a trustee's showing of a sound business justification need not be exhaustive, but rather a trustee is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 898, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. Comm. of Eq. Sec. Holders v. Lionel Corp. (In re Lionel Corp.) 722 F.2d 1063, 1071 (2d Cir. 1983); see Indus. Valley Refrig. & Air Conditioning Supplies, Inc., 77 B.R. 15 (Bankr. E.D. Pa. 1987) (adopting Lionel reasoning). When considering whether a trustee has demonstrated a sound business justification for a proposed sale of assets under §363(b) of the Bankruptcy Code, a court "should consider all salient factors pertaining to the proceeding." Lionel, 722 F.2d at 1071. In evaluating these and other pertinent factors, the court should bear in mind that the overriding goal is to "further the diverse interests of the debtor, creditors and equity holder, alike." Id.

10802713 v1

17. The Trustee firmly believes that creditors will receive more value through a prompt and orderly sale of the Assets at the Auction than through the efforts to sell the Assets through a broker or other methods because of the location and condition of the Assets, including the expense of maintaining the Assets at the Debtor's leased premises.

18. The Trustee believes that a sale of the Assets at the Auction will realize the most cash for the Estate and is in the best interest of the Estate.

19. Accordingly, as the foregoing discussion demonstrates, the Trustee believes that a sale of the Assets to the general public at the Auction is justified by sound business reasons and is necessary to preserve and maximize the return to the creditors here.

20. The proposed sale process is made by the Trustee in good faith. The requirement that a purchaser act in good faith speaks to the integrity of his conduct in the course of the sale proceedings. In re Abbotts Dairies Pa., Inc., 788 F.2d 143, 147 (3d Cir. 1986). The Trustee is seeking the Court's approval of the Auctioneer to conduct the Auction of the Assets which will be advertised to the general public. The Auction, advertising and advertising process will ensure that purchase prices will be fair and reasonable. Thus, the Trustee believes that the sale of the Assets at the Auction will result in sale prices that are fair and reasonable. Accurate and reasonable notice of the sale will be provided.

21. In accordance with Fed. R. Bankr. P. 6004(f)(1), sales of property outside of the ordinary course of business may be private or by public action. See Fed. R. Bankr. P. 6004(f)(1). Pursuant to Fed. R. Bankr. P. 6004, notice of a proposed use, sale, or lease of property required under Fed. R. Bankr. P. 2002(a)(2) must include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. See Fed. R. Bankr. P.

10802713 v1

2002(c)(1). Moreover, notice of a proposed use, sale or lease of property is sufficient if it generally describes the property.

    22.    Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of any entity other than the estate only if:
>
> (1)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> (2)    such entity consents;
> (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4)    such interest is in a bond fide dispute; or
> (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

    23.    Upon information and belief, the proceeds from the auction will be sufficient to pay any and all other liens in full.

    24.    Thus, the Trustee submits that the sale of the Assets at the Auction, free and clear of the Liens and Claims satisfies the statutory prerequisites of § 363(f) of the Bankruptcy Code. Accordingly, the Trustee seeks the entry of an Order authorizing the sale of the Assets pursuant to § 363 of the Bankruptcy Code.

    25.    The Sale Notice, the Auctioneer Application, and the Auction Agreement, all attached to this Motion, specify all terms that must be disclosed pursuant to L.B.R. 6004-1.

## **NOTICE**

    26.    Notice of the Auction and hearing date to approve the Auction was provided to all parties through the filing of the Sale Notice. Notice of this Motion has been provided through the Court's ECF system to all parties requesting service through the Court's ECF system, including the Debtor, the Office of the United States Trustee, and any party asserting a lien in

10802713 v1

6

and to any of the Assets. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

WHEREFORE, the Trustee respectfully requests an order in the form attached: (i) approving the sale of the Assets at the Auction free and clear of the Liens and Claims; and (ii) granting such other relief as the Court deems appropriate.

Dated: October 30, 2023  **FLASTER/GREENBERG P.C.**

By: /s/ *Douglas S. Stanger*
Douglas S. Stanger, Esq.
*Counsel for the Chapter 7 Trustee*

10802713 v1